IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAUDE SEVERE,

    Plaintiff,

v.

BANK OF AMERICA,

    Defendant.

CIVIL ACTION NO.
1:13-CV-2724-WSD-LTW

## MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

This case is presently before the Court on Defendant Bank of America, N.A.'s ("Defendant") Motion to Dismiss (Doc. 4), Defendant's Motion to Stay Pre-Trial Deadlines (Doc. 5), and Plaintiff Maude Severe's ("Plaintiff") Motion to Remand to the State Court (Doc. 6). For the reasons outlined below, this Court **RECOMMENDS** that Plaintiff's Motion to Remand be **DENIED**. Docket Entry [6]. This Court also **RECOMMENDS** that Plaintiff's Complaint be **STRICKEN**. If the District Court adopts this Court's Report and Recommendation, Plaintiff must amend her Complaint as described herein within fourteen (14) days of the entry date of the District Court's Order adopting the Report and Recommendation. Because this Court has recommended that Plaintiff's Complaint be stricken and ordered Plaintiff to amend her pleading, this Court further **RECOMMENDS** that Defendant's Motion to Dismiss be **DEEMED MOOT**. Docket Entry [4]. In light of the foregoing, Defendant's Motion to Stay Pre-Trial Deadlines is **GRANTED**. Docket Entry [5].

## PLAINTIFF'S MOTION TO REMAND

## I.   BACKGROUND

Plaintiff Maude Severe, who is proceeding pro se, filed the instant lawsuit in the Superior Court of Cobb County on July 11, 2013, asserting claims arising out of the pending foreclosure sale of her home.  (Doc. 1-1, pp. 3-4, 29, 32, 36).  Plaintiff's Complaint, which is a generic form complaint filed by numerous other homeowners,[1] is poorly drafted and is difficult to interpret.  The Complaint is basically a series of conclusory statements regarding Defendant's alleged actions in issuing Plaintiff a home loan and in foreclosing on her property.  Defendant removed the case to this Court on August 15, 2013, pursuant to 28 U.S.C. § 1441 on the grounds that Plaintiff's Complaint raised federal questions and the requirements for diversity of citizenship were satisfied.  (Doc. 1).  On August 22, 2013, Defendant moved to dismiss Plaintiff's Complaint on the grounds that it was an impermissible shotgun pleading and failed to state a claim.  (Doc. 4).  Instead of filing a response to Defendant's Motion to Dismiss, on August 26, 2013, Plaintiff moved to remand the case.[2]  (Doc. 6).

---

[1] See, e.g., Thompson v. HABC Mortg. Servs., No. 1:13-CV-2829-JEC-LTW, Docket Entry [1-1] (N.D. Ga. Aug. 23, 2013); Pratt v. Bank of Am. et al., No. 1:13-CV-1169-AT-LTW, Docket Entry [1-1] (Apr. 10, 2013).

[2] Nearly identical motions to remand were filed by the plaintiff in Thompson v. HABC Mortg. Servs., No. 1:13-CV-2829-JEC-LTW, Docket Entry [5] (N.D. Ga. Sept. 3, 2013) after the defendant filed its motion to dismiss and the plaintiff in Pratt v. Bank of Am. et al., No. 1:13-CV-1169-AT-LTW, Docket Entry [4] (Apr. 16, 2013) after the court ordered plaintiff to file an amended complaint curing numerous deficiencies.

## II.   LEGAL ANALYSIS

Plaintiff contends that her case was improperly removed because it does not raise a federal question and fails to satisfy the amount in controversy requirement for diversity of citizenship. Specifically, Plaintiff contends that her causes of action neither arise under federal law nor require the resolution of a disputed and substantial federal issue. Plaintiff also argues that Georgia courts have exclusive jurisdiction in matters pertaining to real property, titles, recording of titles, and foreclosure. See O.C.G.A. § 44-2-60; Setlock v. Setlock, 286 Ga. 384 (2010).

Contrary to Plaintiff's contention, the instant lawsuit was properly removed to this Court. Jurisdiction is proper in this Court because Plaintiff asserts federal claims pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq. and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq..

Title twenty-eight, section 1441(a) of the United States Code provides that a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The Court has original jurisdiction over a complaint if it includes a federal question, meaning that it includes a claim arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331; Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 386 (1998) ("We have suggested that the presence of even one claim 'arising under' federal law is sufficient to satisfy the

AO 72A
(Rev.8/82)

requirement that a case be within the original jurisdiction of the district court for removal."). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted). For purposes of removal jurisdiction, the court is to look at the case as of the time it was filed in state court. Schacht, 524 U.S. at 390.

Although Plaintiff's Complaint is poorly pled, it is apparent that Plaintiff pled federal claims. Not only does Plaintiff cite multiple federal statutes, but Plaintiff also requests remedies pursuant to these statutes. For instance, Plaintiff brings claims pursuant to the FDCPA and/or RESPA, which are both federal statutes. Plaintiff, citing the FDCPA and RESPA, indicates that she disputes her home loan debt and alleges that Defendant has not validated her debt or responded to her qualified written requests. (Compl., pp. 5-7); see 12 U.S.C. § 2605(e) (explaining the loan servicer's duty to respond to qualified written requests); 15 U.S.C. § 1692g (explaining that when a consumer disputes the debt in writing within a thirty day period, the debt collector must cease collection until it validates the debt). Plaintiff states that Defendant must stop all collection activity and foreclosure proceedings "until verification and validation of the DEBT is provided to the homeowner" and until the Defendant responds to her qualified

4

written request. (Compl., pp. 5-7). Plaintiff also contends that Defendant must respond to her qualified written request and must validate the debt "by sworn oath," affidavit, or deposition before proceeding with the foreclosure sale and cites to the FDCPA in support of her contention. (Compl., p. 11). Therefore, this Court concludes that Plaintiff intended to plead federal claims despite her statements to the contrary. Because Plaintiff pled federal claims, removal jurisdiction exists. In re City of Mobile, 75 F.3d 605, 607 (11th Cir. 1996) (explaining that it is improper to remand federal claims pursuant to 28 U.S.C. § 1367(c) even if state issues substantially predominate over the federal issues); see also Poche v. Tex. Air Corps, Inc., 549 F.3d 999, 1005 (5th Cir. 2008), citing Laurents v. Arcadian Corp., 69 F.3d 535 (5th Cir. 1995) (holding that district court could not remand federal question claims absent a defect in the removal procedure).

Despite the presence of federal claims, Plaintiff contends that pursuant to O.C.G.A. § 44-2-60, the case should be remanded because Georgia courts have exclusive jurisdiction in matters pertaining to real property, titles, recording of titles, and foreclosure. O.C.G.A. § 44-2-60 provides:

> For the purpose of enabling all persons owning real estate within this state to have the title thereto settled and registered as prescribed by this article, the superior court of the county in which the land is located shall have exclusive original jurisdiction of all petitions and proceedings had thereupon.

Id. Even if the Court were to assume that O.C.G.A. § 44-2-60 was intended to reserve jurisdiction over such claims exclusively in state court instead of merely mandating that

5

when the claims are heard in the state system, they are to be heard in the superior court of the county in which the land is located, the Court would not be divested of removal jurisdiction.  Contrary to Plaintiff's contention, jurisdiction is determined by the law of the court's creation and cannot be defeated by the extraterritorial operation of a state statute, even if the state statute created the right of action.  Marshall v. Marshall, 547 U.S. 293, 314 (2006).  Thus, state legislation cannot defeat a federal court's jurisdiction. Marshall, 547 U.S. at 314 (holding that under the federal system, Texas could not grant its probate courts exclusive jurisdiction to entertain tortious interference claim and deny federal court the ability to entertain such claims); Davidson v. Mortg. Elec. Registration Sys., No. 3:12-V-47-TCB, 2012 WL 6971002, at *6 (N.D. Ga. May 7, 2012) (concluding that even if O.C.G.A. § 44-2-60 granted Georgia superior courts exclusive jurisdiction, it could not divest federal court of removal jurisdiction); Borges v. Bank of Am., No. 1:11-CV-3363-JEC-AJB, 2012 WL 4328374, at *7 (N.D. Ga. May 1, 2012) (same). Accordingly, Plaintiff's Motion to Remand should be **DENIED**.  Docket Entry [6].

### DEFENDANTS' MOTION TO STAY PRE-TRIAL DEADLINES PENDING COURT'S RULING ON MOTION TO DISMISS

In Defendant's Motion to Stay Pre-Trial Deadlines (Doc. 5), Defendant contends that this Court should stay the scheduling deadlines for the Rule 26(f) Early Planning Conference, the Joint Preliminary Report and Discovery Plan, as well as Initial Disclosures until thirty days after the District Court adjudicates Defendant's pending

6

Motion to Dismiss.  For good cause shown, Defendants' Motion Stay Pre-Trial Deadlines is **GRANTED**.  Docket Entry [5].

## PLAINTIFF MUST REPLEAD HER COMPLAINT

During this Court's review of the jurisdiction of the Complaint, this Court observed that Plaintiff's Complaint is inadequately pled and must be amended.  First, Plaintiff's Complaint in its present condition fails to state a claim.  Dismissal for failure to state a claim is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief.  Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford Cnty., 960 F.2d 1002, 1009-10 (11th Cir. 1992).  Additionally, a complaint may be dismissed if it does not contain sufficient specific factual matter, accepted as true, to state a claim that is plausible on its face and to suggest the required elements of the claim.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Watts v. Florida Int'l Univ., 495 F.3d 1289, 1296 (11th Cir. 2007); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).  Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)).  Thus, a complaint, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  Plaintiff's Complaint also fails to state a claim because her Complaint solely consists of legal conclusions.

Plaintiff's failure to provide any factual support for her legal conclusions renders Plaintiff's Complaint insufficient to raise a right to relief beyond the speculative level or to suggest required elements of Plaintiff's claims.

In addition, Plaintiff's Complaint runs afoul of Rule 10(b) of the Federal Rules of Civil Procedure which requires that each claim founded on a separate transaction or occurrence must be stated in a separate count or defense if doing so would promote clarity. See, e.g., Davis v. Coca-Cola Bottling Co., 516 F.3d 955, 983-84 (11th Cir. 2008) (explaining that where the complaint failed to comply with Rule 10(b), the court, acting sua sponte, should have struck the plaintiff's complaint and the defendants' answer, and instructed plaintiff's counsel to file a more definite statement); Anderson v. Dist. Bd. of Tr. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366-67 (11th Cir. 1996). Instead, Plaintiff's Complaint includes rambling paragraphs, which primarily consist of multiple amorphous causes of action. Because Plaintiff's Complaint is inadequately pled, it should be **STRICKEN**. See, e.g., Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); Ward v. JP Morgan Chase Bank, No. 13-61554-CIV, 2013 WL 5676478, at *1 (S.D. Fla. Oct. 18, 2013) (dismissing shotgun pleading and providing plaintiff leave to replead); Calvin v. Michelin N. Am., Inc., No. 7:13-CV-0824-SLB, 2013 WL 4521975, at *5 (N.D. Ala. Aug. 26, 2013) (striking pleading which did not comply with Rule 10(b) and giving the plaintiff leave to re-file pleading conforming with Rule 10(b)).

Plaintiff, who is proceeding pro se, however, should be given one opportunity to

8

amend her Complaint to cure its deficiencies.[3]  Therefore, if the District Court adopts this Court's Report and Recommendation, Plaintiff must amend her Complaint within fourteen (14) days of the entry date of the District Court's Order.  The Amended Complaint must address the shortcomings noted herein and comply with the pleading requirements of Rules 8 and 9 of the Federal Rules of Civil Procedure.  Plaintiff's Amended Complaint also must contain a statement of non-conclusory facts in numbered paragraphs which succinctly provides the relevant factual allegations forming the basis for Plaintiff's claims.  The statement of facts must omit extraneous, redundant, and irrelevant factual matters and must pertain specifically to Plaintiff's case.  Thus, the factual section should exclude all generalized discussions of the mortgage industry and discussions of cases or factual scenarios other than the facts specific to Plaintiff's own loan, security deed, and foreclosure.  Plaintiff's factual allegations also must be sufficient to raise a right to relief above the speculative level and to suggest the required elements of Plaintiff's claims.

In addition, Plaintiff must identify each of her causes of action based on separate transactions or occurrences in separate counts of the Complaint.  Each of Plaintiff's

---

[3] The Court must allow a pro se plaintiff the opportunity to amend her complaint at least once before dismissing the action with prejudice if a more carefully drafted Complaint could state a claim. See Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (overruled on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541 (11th Cir. 2002) (en banc) (not addressing pro se plaintiffs)). While this Court is skeptical as to whether Plaintiff could draft an amended complaint which could state a claim, because Plaintiff's Complaint is so poorly drafted and entirely omits Plaintiff's factual circumstances, this Court cannot conclude at this time that Plaintiff cannot draft a complaint which could state a claim.

counts must refer to specific paragraphs within her statement of facts serving as the factual predicate for the claim. Plaintiff is directed to avoid including lengthy and redundant legal argument within her counts and instead, is directed to simply state the substance of her claims within the counts. **Plaintiff's failure to conform her Complaint in the manner directed will result in this Court's recommendation that Plaintiff's case be dismissed with prejudice.** Because this Court has recommended that Plaintiff's Complaint be stricken and Ordered Plaintiff to amend her pleading, this Court also **RECOMMENDS** that Defendant's Motion to Dismiss be **DEEMED MOOT**. Docket Entry [4]; Davis, 516 F.3d at 983-84 (explaining that the district court, instead of allowing litigation of a shotgun pleading to continue, should have sua sponte struck the complaint and the answer and instructed plaintiff's counsel to file a more definite statement).

## CONCLUSION

Based on the foregoing reasons, this Court **RECOMMENDS** that Plaintiff's Motion to Remand be **DENIED**. Docket Entry [6]. This Court also **RECOMMENDS** that Plaintiff's Complaint be **STRICKEN**. If the District Court adopts this Report and Recommendation, Plaintiff must amend her Complaint as described herein within fourteen (14) days of the date of the District Court's Order adopting this Report and Recommendation. Because this Court has recommended that Plaintiff's Complaint be stricken and Ordered Plaintiff to amend her pleading, this Court further **RECOMMENDS** that Defendant's Motion to Dismiss be **DEEMED MOOT**. Docket

Entry [4].

**SO ORDERED AND REPORTED AND RECOMMENDED** this 14th day of January, 2014.

                                          /s/ Linda T. Walker
                                          LINDA T. WALKER
                                          UNITED STATES MAGISTRATE JUDGE