IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAUDE SEVERE,

        Plaintiff,

v.

BANK OF AMERICA,

        Defendant.

1:13-cv-2724-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Linda T. Walker's Order and Report and Recommendation ("R&R") on Defendant Bank of America, N.A.'s ("Defendant") Motion to Dismiss [4] and Plaintiff Maude Severe's ("Plaintiff") Motion to Remand to State Court [6].

**I.   BACKGROUND**

    A.   Procedural History

On July 11, 2013, Plaintiff, proceeding *pro se*, filed a lawsuit in the Superior Court of Cobb County, Georgia, asserting claims arising out of the pending foreclosure and sale of her home. On August 15, 2013, Defendant removed the case to this Court, pursuant to 28 U.S.C. § 1441, on the grounds that Plaintiff raised federal questions in her Complaint and that the requirements for diversity

jurisdiction were met.  On August 22, 2013, Defendant moved to dismiss Plaintiff's Complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  On August 26, 2013, Plaintiff moved to remand the case to state court.  Plaintiff did not file a response to Defendant's Motion to Dismiss.

On January 14, 2014, Magistrate Judge Linda T. Walker issued her R&R, recommending that Plaintiff's Motion to Remand be denied because there is federal jurisdiction over this action.  The Magistrate Judge recommended that Plaintiff's Complaint be stricken and that Plaintiff be given fourteen (14) days to amend her Complaint.  The Magistrate Judge further recommended that Defendant's Motion to Dismiss be denied as moot.[1]  The parties did not object to the R&R.

B.    Facts[2]

Plaintiff asserts her claims against Defendant under the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. § 2601 et seq., and the Fair Debt

---

[1] The Magistrate Judge also granted Defendant's Motion to Stay Pre-trial Deadlines [5].

[2] The facts are taken from the R&R and the Record.  The parties have not objected to any facts set out in the R&R, and finding no plain error in the Magistrate Judge's factual findings, the Court adopts them.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Plaintiff's Complaint is a form complaint used by many other homeowners, and it is rambling and poorly-drafted. Plaintiff's Complaint is "basically a series of conclusory statements regarding Defendant's alleged actions in issuing Plaintiff a home loan and in foreclosing on her property." (R&R at 2.)

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1) (Supp. V 2011); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If no party has objected to the report and recommendation, a court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B. Analysis

The Magistrate Judge found that Plaintiff pleaded federal claims in her Complaint, pursuant to the RESPA and the FDCPA. The Magistrate Judge,

therefore, recommended that Plaintiff's Motion to Remand be denied, and the Court finds no plain error in this recommendation.  See Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 386 (1998) ("We have suggested that the presence of even one claim 'arising under' federal law is sufficient to satisfy the requirement that a case be within the original jurisdiction of the district court for removal."); Lobo v. Celebrity Cruises, Inc., 704 F.3d 882, 891 (11th Cir. 2013) ("Where a plaintiff's well-pleaded complaint alleges a cause of action arising under federal law, subject matter jurisdiction exists for a federal court to determine whether the allegations entitle him to relief.")

     The Magistrate Judge found that Plaintiff's Complaint failed to state a claim.  She also determined that Plaintiff, as a *pro se* litigant, should be given one opportunity to amend her Complaint.  She recommended that Plaintiff's complaint be stricken with leave to amend within fourteen (14) days of the entry date of this Order, and that Defendant's Motion to Dismiss therefore be denied as moot.  The Court finds no plain error in the Magistrate Judge's recommendations.  See Taylor v. McSwain, 335 F. App'x 32, 33 (11th Cir. 2009) (per curiam) (holding that courts should not dismiss a *pro se* plaintiff's complaint with prejudice "without first giving the plaintiff an opportunity to amend the complaint if a more carefully drafted complaint might state a claim.") (citing Bank v. Pitt, 928 F.2d 1108, 1112

(11th Cir. 1991)) (overruled on other grounds by <u>Wagner v. Daewoo Indus. Am. Corp.</u>, 314 F.3d 541 (11th Cir. 2002)).

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Order and Report and Recommendation is **ADOPTED**, and Plaintiff Maude Severe's Motion to Remand [6] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [1] is **STRICKEN** with leave to amend. Plaintiff shall amend the Complaint, if he elects, on or before March 31, 2014.

**IT IS FURTHER ORDERED** that Defendant Bank of America, N.A.'s Motion to Dismiss [4] is **DENIED AS MOOT.**

**SO ORDERED** this 14th day of March, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE